

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **VS.** § | **CASE NO. 1:13-CR-121** |
| § | |
| **ZACHARY JOEL JOWETT** § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Zachary Joel Jowett, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #56) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on June 25, 2019, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.     That the defendant, after consultation with counsel of record, has knowingly, freely, and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.     That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On December 1, 2014, The Honorable Marcia A. Crone of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of Possession of Child Pornography Involving a Prepubescent Minor or a Minor Who Had Not Attained 12 Years of Age, a Class C felony. Judge Crone sentenced Mr. Jowett to 57 months imprisonment, to be followed by five (5) years of supervision subject 57 months imprisonment followed by 5 years supervised release, subject to the standard conditions of release plus special conditions to include drug aftercare, mental health aftercare, sex offender treatment, no child contact under the age of 18, computer and internet restrictions, restrictions on gaming consoles and social networking, no digital recording or photographic equipment, no possession or viewing of sexually explicit conduct,

search conditions, financial disclosure, and a $100 special assessment fee.

On January 29, 2018, Zachary Joel Jowett completed his period of imprisonment and began service of the supervision term. On February 12, 2019, Judge Crone modified the special conditions of supervisions to include alcohol abstinence and residing in the community corrections component of a residential reentry center for a period for 180 days. *See Petition* (doc. #54) and *Order* (doc. #55).

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following mandatory condition of release:

*The defendant shall refrain from any unlawful use of a controlled substance.*

Specifically, on December 18, 2018, Mr. Jowett submitted a urine specimen which tested positive for marijuana. Laboratory testing confirmed the results.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. If the case proceeded to a contested hearing, the Government would present evidence establishing that on December 18, 2018, Mr. Jowett submitted a urine specimen for testing. Test results subsequently showed a positive result for marijuana in the specimen provided by Mr. Jowett. This evidence confirmed Mr. Jowett's admitted use of marijuana.

Defendant, Zachary Joel Jowett, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he used a controlled substance in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by using a controlled substance. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of III and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term of supervised release by statute is not more than life. *See id.*

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United*

4

*States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)).   Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001).   Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable.  *Id.  See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant committed a Grade C violation of his supervision conditions by using a controlled substance.  Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release.  The undersigned magistrate judge recommends that the District Court order Defendant, Zachary Joel Jowett, to serve a term of **six (6) months** imprisonment, with credit for time in federal custody since his arrest on this petition and credit for his time spent in the CINC II residential reentry center.

The Court further recommends that, upon release from prison, the defendant serve a new term of **supervised release of three (3) years**.  The new term of supervision should be subject to the same mandatory and standard conditions adopted by the Court and imposed in the original

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

judgment of conviction, as well as the special conditions recommended by the United States Probation Office. The Court further finds that the special conditions stated in the judgment originally imposed by the District Court are still relevant based on the record of the case and the evidence submitted by the Probation Office in conjunction with the petition to revoke. The Court additionally finds that the new special conditions recommended by the United States Probation Office are appropriate in this case and sufficiently tailored to Mr. Jowett and his conduct. *See United States v. Caravayo*, 809 F.3d 269, 276 (5th Cir. 2015)(requiring that special conditions be tailored to the individual defendant and supported by the record). The defendant admitted to using controlled substances. The Government established this by a preponderance of the evidence and defendant pled true to the conduct. Based on the circumstances, the Court agrees with the United States Probation Officer's recommended conditions.

Accordingly, the new term of supervised release should include the following conditions, as recommended by the United States Probation Office:

You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

While on supervised release, you must not commit another federal, state, or local crime. You must not unlawfully possess a controlled substance. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two other periodic drug tests thereafter, as determined by the Court. You must comply with the standard conditions that have been adopted by the Court.

You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in

the program.   You must pay any cost associated with treatment and testing.

You must participate in sex offender treatment services.  These services may include psychophysiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community.   You must abide by all rules and regulations of the treatment program, until discharged.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program.   You must pay any costs associated with treatment and testing.   Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session.

You must not have direct or indirect contact with children under the age of 18 unless supervised by an adult approved by the probation officer.  This condition prohibits intentional conduct rather than inadvertent or incidental encounters with children under the age of 18.

You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material.

You must submit to a search of your person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of your conditions of supervision.

You must not use or own any device (whether or not at your place of employment, residence, or elsewhere) that can be connected to the Internet or used to store digital materials other than that authorized by the probation officer.   This includes, but is not limited to, desktop computers, laptops, PDA's, electronic games, and cellular telephones.  You must not use any device other than the one you are authorized to use.   You must allow the U.S. Probation Office to install software designed to monitor activities.  This may include, but is not limited to, software that may record any and all activity on the computers you may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations.   You will pay any costs related to the monitoring of your computer usage.

You must not maintain or create a user account on any social networking site (i.e., Facebook.com, Twitter.com, Google+, MySpace.com, Adultfriendfinder.com, etc.) that allows access to persons under the age of 18, or allows for the exchange of sexually-explicit material, chat conversations, or instant messaging.   You must neither view nor access any web profile of users under the age of 18.

If you reside in a household where a computer is present (i.e., it belongs to a parent, spouse, roommate, etc.), the owner of the computer must agree to allow the U.S. Probation Office

7

to install software designed to monitor computer activities on such computer. This may include, but is not limited to, software that may record any and all activity on any computer you may use in the residence, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. You will pay any costs related to computer monitoring. You must advise anyone in your household that may use any computer in question that monitoring software has been installed.

You must not attempt to remove, tamper with, or in any way circumvent the monitoring software. You must not access any Internet Service Provider account or other online service using someone else's account, name, designation, or alias. You must disclose all on-line account information, including user names and passwords, to the U.S. Probation Office. You must also, if requested, provide a list of all software/hardware on your computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor your computer usage.

You must not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. You must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

You must provide the probation officer with access to any requested financial information for purposes of monitoring compliance with the imposed computer access/monitoring conditions.

The defendant shall comply with the additional special condition as follows:

You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain

error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 26th day of June, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE