**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:13-CR-00121-MAC** |
| **v.** § | |
| § | |
| § | |
| § | |
| **ZACHARY JOEL JOWETT** § | |
| § | |

**REPORT AND RECOMMENDATION ON FIRST AMENDED PETITION FOR
WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed September 21, 2020, alleging that the Defendant, Zachary Joel Jowett, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Zachary Joel Jowett was sentenced on December 1, 2014, before The Honorable Marcia A. Crone, of the Eastern District of Texas, after pleading guilty to the offense of possession of child pornography, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of III, was 46 to 57 months. Zachary Joel Jowett was subsequently sentenced to 57 months' imprisonment followed by a 5 year term of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare, mental health aftercare, sex offender treatment, no child contact, computer and internet restrictions, restrictions

-1-

on game consoles and social networking, no digital recording or photographic equipment, no possession or viewing of sexually explicit conduct, search conditions, financial disclosure, and a $100 special assessment.

## II. The Period of Supervision

On January 29, 2018, Zachary Joel Jowett completed his period of imprisonment and began service of the supervision term.

On July 17, 2019, Jowett's term of supervised release was revoked and he was sentenced to 6 months' imprisonment followed by 3 years of supervised release, subject to similar terms and conditions.

On November 5, 2019, the Court modified the terms with the defendant's consent to include 120 days in a residential reentry center in a prerelease component, pending Jowett obtaining an approved residence. On November 15, 2019, he completed the imprisonment sentence and began the instant supervision term while residing at the Leidel Residential Center in Houston, Texas.

On December 9, 2019, the court granted a request to suspend mental health aftercare based on other services received and a prior assessment finding no need for such treatment. On January 24, 2020, the U.S. Probation Office in the Southern District of Texas approved a release plan in Houston and assumed supervision of this case.

## III. The Petition

United States Probation filed the First Amended Petition for Warrant for Offender Under Supervision raising one allegation. The petition alleges that Zachary Joel Jowett violated the following conditions of release:

> Allegation 1. You must participate in sex offender treatment services. These services may include psychophysiological testing (i.e., clinical polygraph,

plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session.

### IV. Proceedings

On September 28, 2020, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the first allegation that claimed he failed to attend sex offender counseling as required. In return, the parties agreed that he should serve a term of 8 months' imprisonment with three years of supervised release to follow.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of

supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to attend sex offender counseling as required, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of III, the policy statement imprisonment range is 5 to 11 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than life.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he failed to attend sex offender counseling as required. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is III. The policy statement range in the Guidelines Manual is 5 to 11 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 8 months with three years of term of supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a special condition of release by failing to attend sex offender counseling as required. The first amended petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 8 months' imprisonment with three years of term of supervised release to follow.

In addition to the mandatory and standard conditions of supervised release, the same special conditions previously imposed by Judge Crone shall be imposed, including: drug testing; comply with the requirements of the Sex Offender Registration and Notification Act; participate in sex offender treatment services; no contact with children under the age of 18 unless supervised; no purchase, possession, or use of any device to access the internet; no purchase, possession, or use of digital cameras, digital records, or any other type of recording and/or photographic equipment; no possession or viewing of images depicting sexually explicit conduct; submit to search of person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media and effects at any time; no possession or access to a computer except in the course of employment; no social media accounts; no gaming consoles; agreement to installation of software designed to monitor computer activities; no tampering with computer monitoring software; no purchase, possession or contact with devices with photographic or internet capability, including cellular telephones; and allow access to financial information.  The rationale for these special conditions is contained in the Defendant's Presentence Investigation Report, including the nature of the base offense, monitoring his finances for compliance with sex offender rules, and his history of substance abuse.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court

imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 30th day of September, 2020.

Zack Hawthorn
United States Magistrate Judge